LAURA M. DEY

v.

HENRIETTA C. MOODY et al.

[Submitted September 19th, 1919.   Determined September 19th, 1919.]

1. A judgment creditor of a chattel mortgagor with lien perfected on the mortgaged chattel may invoke the jurisdiction of equity to determine the validity of the chattel mortgage; but where the judgment creditor has elected to sell the chattel, subject to the mortgage, and has bought it in, such equitable jurisdiction cannot be invoked to restrain the mortgagee's action of replevin without any showing that the law courts will not be able to fully determine the rights of the parties.

2. Where a judgment creditor who bought in a mortgaged chattel on execution sale filed a bill in equity attacking the validity of the chattel mortgage which the mortgagee was seeking to enforce in an action to replevy the chattel, the bill will not be dismissed, but will be retained so that in case the law courts are not able to do justice between the parties, equity may.

3. Where a judgment creditor sold a mortgaged chattel under execution and bought it in at a necessarily reduced price, it would be inequitable for a court of equity to set aside the mortgage, for that would enable the judgment creditor to retain the property free from any lien at the reduced price at which it was purchased.

On bill, &c.   On hearing on return of order to show cause for injunction.

*Mr. Lloyd C. Riddle,* for the complainant.

*Messrs. Wootton, Harcourt & Steelman,* for the defendants.

LEAMING, V. C.

I entertain the view that the preliminary restraint sought by complainant must be denied.

As a judgment creditor of defendant chattel mortgagor, with a lien perfected on the mortgaged chattel, complainant was

clearly privileged to invoke the equitable jurisdiction of this court to determine the validity of the chattel mortgage in aid of her judgment lien. But in electing to sell and purchase the chattel under her judgment in disregard of the chattel mortgage complainant discharged her judgment lien on the chattel and acquired the legal title thereto. There, accordingly, exists at this time no judgment lien on this chattel in aid of which this court may exercise its acknowledged jurisdiction for that purpose; and in the pending action of replevin brought by the chattel mortgagee for the recovery of the possession of the chattel any defect of the mortgage arising from a failure to comply with statutory requirements is open to complainant to the same extent that such defects could have been considered by this court under a bill filed in aid of the judgment lien. In *Jersey City Milling Co.* v. *Blackwell, 58 N. J. Eq. 122,* it is pointed out that the jurisdiction of this court has never been extended to cases of that nature.

There is in the present bill, however, an averment that the chattel mortgage was fraudulently executed to defeat complainant's claim. That averment is made on information and belief and appears to be based upon the claim that no debt existed to support the mortgage. This court has heretofore entertained jurisdiction of bills filed by purchasers of land under judgment to set aside prior conveyances as fraudulent against the creditor under whom the purchaser claims, basing the relief on the jurisdiction against fraud. If, in the present case, there may exist elements of fraud adequate to afford complainant relief which are not available as a defence to the pending replevin action, it is not clear that this court would not be justified in assuming jurisdiction of the entire controversy; but I am presently unable to discern any want of power of the law court to ascertain in the action there pending whether the mortgage was in fact given to secure an existing indebtedness.

In these circumstances I think the proper course is to retain the bill, and should it be hereafter found that the law court has been unable to entertain any substantial defence which may have been presented at the trial of the pending replevin action appli-

cation for this suit to proceed to final hearing, and for intermediate relief, may be then made upon that ground.

Defendants herein have made several motions against specific parts of the bill. These motions will be held over pending the result of the replevin action.

It is not to be understood from any suggestions here made that one who has acquired title to either chattels or land at his own execution sale by electing to proceed to sale with knowledge of the existence of a prior outstanding mortgage made by the judgment debtor, instead of invoking equitable relief in aid of his judgment lien, can thereafter procure relief in this court against the outstanding mortgage in any case in which it is made to appear that by reason of the execution sale at which the existence of the outstanding claim was made known the purchaser has been enabled to buy at a price representing the value of the property sold, less the amount of the outstanding claim, since the obvious effect of setting aside the mortgage in such circumstances would be to confirm a sale at an inadequate price and enable the purchaser to hold a property for which he had paid no adequate consideration to entitle him to claim it as a matter of equity. See *Trusdell* v. *Dowden, 47 N. J. Eq. 396, 399; Scull* v. *Idler, 79 N. J. Eq. 466; Mississippi and M. R. R. Co.* v. *Cromwell, 91 U. S. 643.* Nor is it to be here understood that in such circumstances any remedy could be afforded by this court through a proffer of the purchaser to surrender the title acquired by such purchaser and permit a resale under the judgment. Since the very foundation of such a bill necessarily rests on a claim of legal title in complainant which he seeks to have quieted against an alleged outstanding fraudulent claim, the procedure suggested appears to be measurably inconsistent with the fundamental right claimed, even though the power of this court to order a resale should be conceded.

No costs should be taxed herein against either party.